ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
THOMAS D. COKER [SBN 136820]
Assistant United States Attorney
 Room 7211, Federal Building
 300 North Los Angeles Street
 Los Angeles, California  90012
 Telephone:  (213) 894-2454
 Facsimile:  (213) 894-0115

**FILED: 2/9/11**

JS - 6

Attorneys for United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   vs.<br><br>NGOC-LIEN T. NGUYEN; TONY VO;<br>STATE OF CALIFORNIA, FRANCHISE<br>TAX BOARD; QUANG DUC NGUYEN;<br>NGOC BICH THI NGUYEN;<br>MANUFACTURERS AND TRADERS<br>TRUST COMPANY, as Trustee on Behalf of<br>the Holders of the Home Equity Pass-through<br>Certificates series 1997-4, agreement dated 9-<br>1-97, a Utah Corporation,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CV 10-544-GHK(JCx)

JUDGMENT: (1) AGAINST DEFENDANT
NGOC-LIEN T. NGUYEN FOR UNPAID
FEDERAL INCOME TAXES FOR THE
YEARS 1994, 1999, 2000, 2001, 2002, 2004,
2005 and 2006; AND (2) FORECLOSING
FEDERAL TAX LIENS AND ORDERING OF
SALE OF REAL PROPERTY LOCATED AT
17634 HEVER CIRCLE, FOUNTAIN
VALLEY, CALIFORNIA

Based upon the Stipulation for Entry of Judgment filed concurrently herewith, Judgment

is hereby entered against defendant NGOC-LIEN T. NGUYEN and in favor of plaintiff, the

United States of America, as to the "Second Amended Complaint to Reduce Federal Tax Assessments to Judgment, and to Foreclose Tax Liens" filed on December 6, 2010, as follows:

***First Claim for Relief-Reduce Assessments to Judgment***

1.     The assessments of Federal income tax liabilities that the Internal Revenue Service ("IRS") made on various dates against defendant NGOC-LIEN T. NGUYEN for the calendar years 1994, 1999, 2000, 2001, 2002, 2004, 2005 and 2006 ("Subject Income Tax Liabilities") are hereby reduced to Judgment. Accordingly, plaintiff the United States of America shall recover against defendant NGOC-LIEN T. NGUYEN regarding the Subject Income Tax Liabilities Judgment in the amount of $206,008.13, as of November 2, 2010, plus penalties and statutory interest accruing on such amount after November 2, 2010, in accordance with 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), 6601, 6621(a)(2), and 6622, until such Judgment is paid in full. Defendant NGOC-LIEN T. NGUYEN is liable for the Subject Income Tax Liabilities, which consist of the following specific amounts for each period at issue:

| Tax Year | Unpaid Assessed Balance | Accrued Penalties | Accrued Interest | Total as of 11/02/10 |
|---|---|---|---|---|
| 1994 | $57,337.33 | $  0.00 | $55,787.29 | $113,124.62 |
| 1999 | $ 5,353.66 | $  0.00 | $  681.98 | $ 6,035.64 |
| 2000 | $ 4,160.20 | $  0.00 | $  523.65 | $ 4,683.85 |
| 2001 | $ 1,240.81 | $  0.00 | $  156.22 | $ 1,397.03 |
| 2002 | $ 3,124.01 | $  0.00 | $  393.24 | $ 3,517.25 |
| 2004 | $55,814.00 | $3,455.40 | $9,516.95 | $68,786.35 |
| 2005 | $ 4,259.94 | $  447.36 | $  711.09 | $ 5,418.39 |

| 2006 | $ 2,199.59 | $ 459.00 | $   387.41 | $ 3,045.00 |

Grand Total:     $206,008.13

2.      Judgment in the **total amount** of <u>206,008.13</u>, plus penalties and statutory interest accruing on such amount after <u>November 2, 2010</u>, in accordance with 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), 6601, 6621(a)(2), and 6622, until such Judgment is paid in full is hereby entered against defendant NGOC-LIEN T. NGUYEN .

***Second Claim for Relief-Foreclosure of Federal Tax Liens***

3.      Defendant NGOC-LIEN T. NGUYEN is the sole owner of the real property located at, and commonly referred to as, 17634 Hever Circle, Fountain Valley, California located in the City of Fountain Valley (hereafter the "Subject Real Property"), County of Orange, California, and more particularly described as:

LOT 34 TRACT NO, 14943, IN THE CITY OF FOUNTAIN VALLEY, COUNTY OF

ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP FILED IN BOOK 721,

PAGES 24 TO 27 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF

THE COUNTY RECORDER OF SAID COUNTY. EXCEPTING ONE-HALF OF ALL

MINERALS, OIL, GAS, PETROLEUM AND OTHER HYDROCARBON

SUBSTANCES IN OR UNDER OR WHICH MAYBE PRODUCED FROM SAID

LAND WHICH UNDERLIES A PLANE PARALLEL TO AND 500 FEET BELOW

THE PRESENT SURFACE OF SAID LAND FOR THE PURPOSE OF

PROSPECTING, FOR THE EXPLORATION, DEVELOPMENT, PRODUCTION,

EXTRACTION AND TAKING OF SAID MINERALS, OIL. GAS, PETROLEUM,

AND OTHER HYDROCARBON SUBSTANCES FROM SAID LAND BY MEANS OF

3

MINES, WELL, DERRICKS AND/OR OTHER EQUIPMENT FROM SURFACE

LOCATIONS ON ADJOINING OR NEIGHBORING LAND OR LYING OUTSIDE OF

THE ABOVE DESCRIBED LAND, IT BEING UNDERSTOOD THAT THE OWNER

OF SUCH MINERALS, OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON

SUBSTANCES AS SET FORTH ABOVE SHALL HAVE NO RIGHT TO ENTER

UPON THE SURFACE OF THE ABOVE DESCRIBED LAND NOT TO USE ANY OF

THE SAID LAND OR ANY PORTION THEREOF ABOVE SAID PLANE PARALLEL

TO THE 500 FEET BELOW THE PRESENT SURFACE OF SAID LAND FOR ANY

PURPOSE WHATSOEVER, AS RESERVED IN THE DEED FROM STELLA W.

CHENEY, RECORDED SEPTEMBER 27, 1961 IN BOOK 5861, PAGE 355,

OFFICIAL RECORDS.

5.      Defendant NGOC-LIEN T. NGUYEN acquired an interest in the Subject Real

Property on January 19, 1996, by grant deed recorded in the Orange County Recorder's Office,

Orange, California, from Tava Fountain Valley LP, a California Limited Partnership, as grantor,

to NGOC-LIEN THI NGUYEN, a married women as her sole and separate property.

6.      Pursuant to 26 U.S.C. § 6321, by reason of the tax assessments made by the IRS

against defendant NGOC-LIEN T. NGUYEN, federal tax liens arose in favor of the United

States and attached to all property and rights to property, real and personal, belonging to

defendant NGOC-LIEN T. NGUYEN.

7.      Notices of Federal Tax Lien, arising by reason of federal income tax assessments,

were filed against defendant NGOC-LIEN THI NGUYEN in the Recorder's Office for the

County of Orange, California, on:

     a.     March 16, 2007, in the amount of $275,551.69 securing the taxes, interest and penalties for the taxable years 1994, 1999, 2000, 2001 and 2002; and;

     b.     February 5, 2008, in the amount of $62,261.53 securing taxes, interest and penalties for the taxable years 2004, 2005 and 2006.

     8.     The United States of America has valid and existing tax liens against the Subject Real Property for the unpaid Subject Income Tax Liabilities incurred by defendant NGOC-LIEN T. NGUYEN.  Accordingly, those liens are hereby foreclosed against the interests of defendant NGOC-LIEN T. NGUYEN in the Subject Real Property.

     9.     The Subject Real Property is ordered to be sold by the Area Director of the Internal Revenue Service, California, (hereinafter "Area Director"), or his delegate, in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002, to satisfy those liens.

     10.     After satisfaction of all senior liens, the sale of the Subject Real Property shall be free and clear of the interests of all parties in the suit.

     11.     Defendant State of California, Franchise Tax Board, has no right, title or interest in the Subject Real Property by reason of disclaimers filed in this case by said defendant on March 16, 2010.

     12.     Defendant Tony Vo has no right, title or interest in the Subject Real Property by reason of the disclaimer filed in this case by said defendant on June 29, 2010.

     13.     Any party to this proceeding or any person claiming an interest in the subject real property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an

order for a private sale of the real property.  Any such motion shall be filed within twenty (20) days of the date of this Order and shall set forth with particularity (a) the nature of the moving party's interest in the property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale.

14.    The Area Director, or his delegate, is ordered to sell the Subject Real Property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Sections 2001(a) and 2002.  The property shall be sold by the IRS at a public sale to be held either at the courthouse of the county or city in which the Subject Real Property is located or on the property's premises.

15.    Notice of the sale shall be published once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Orange County, California, and, at the discretion of the Area Director or his delegate, by any other notice that the Area Director or his delegate deems appropriate.  Said notice shall describe the property by its legal description, and shall contain the terms and conditions of sale as set out herein.

a.    The terms and conditions of sale shall be as follows:

i.    The Area Director or his delegate shall appraise the current fair market value  of the property (appraised value).

ii.    The minimum bid shall be 75% of the appraised value.  If the minimum bid is not met or exceeded, the Area Director or his delegate may, without further

permission of this Court, and under the terms and conditions in this order of sale, hold a

new public sale, if necessary, and reduce the minimum bid.

iii.     Manufacturers and Traders Trust Company, as Trustee on Behalf of the

Holders of the Home Equity Pass-through Certificates series 1997-4 (hereafter,

"Manufacturers and Traders Trust Company") may bid a credit against its lien

interest in the subject property as set forth herein, without tender of cash.

iv.     The United States of America may bid a credit against its liens and

interest

thereon, costs, and expenses, without tender of cash, except that if the property is

sold to the United States of America pursuant to such credit bid, before taking

title     to the property the United States must satisfy the lien claim of Manufacturers and

Traders Trust Company as set forth herein, by paying the amount of it's senior

lien claim against the Subject Real Property.

v.     The terms of sale as to all other persons or parties bidding shall be by

cash, money order, or by certified or cashier's check ("Cash") deposited with the Area

Director  equal to between ten (10) and twenty percent (20%) of the bidder's total bid

immediately upon the property being struck off and awarded to such bidder as the highest

and best bidder; and the remaining ninety to eighty percent (90-80%) of said purchase

price to be paid on or before 5:00 p.m., five (5) days, inclusive, of the date of sale.

Should any person bid off the property at the sale by virtue of this Judgment and Order of

Sale, and fail to comply with the terms of the sale, such bidder shall be liable to the

United States for twenty percent (20%) on the value of the property thus bid off as a

7

penalty, and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty, but payment of said penalty shall not be a credit against the liens of the United States.  Before being permitted to bid at the sale, potential bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

c.      Upon selling the real property, the Area Director or his delegate shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid.  The accounting and report of sale shall be filed within ten (10) days from the date of sale.  If no objections have been filed in writing in this case with the Clerk of the Court, within fifteen (15) days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Clerk of the Court to execute and deliver his deed to said purchaser.  On confirmation of the sale, all interests in, liens against, or claims to, the Subject Real Property that are held or asserted by all parties to this action are discharged and extinguished.

d.      Possession of the property sold shall be yielded to the purchaser upon the production of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the property sold to the purchaser.

e.      The sale of the Subject Real Property is ordered pursuant to 28 U.S.C. § 2001, and

is made without right of redemption.

16.  Until the Property is sold, defendant NGOC-LIEN T. NGUYEN shall take all reasonable steps necessary to preserve the Subject Real Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Real Property. She shall neither commit waste against the Subject Real Property nor cause or permit anyone else to do so.  She shall neither do anything that tends to reduce the value or marketability of the Subject Real Property nor cause or permit anyone else to do so.  She shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Subject Real Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall she cause or permit anyone else to do so.

17.     After the Court confirms the sale, the Area Director shall apply the proceeds of sale in the following order of priorities:

i.      First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

ii.      Second, to Orange County or other local taxing authority for unpaid real property taxes and other local assessments due and owing, as secured against the subject real property on the date of sale;

iii.      Third, to Manufacturers and Traders Trust Company in satisfaction of its

secured claim;

      iv.     Fourth, to the United States of America (Internal Revenue Service) toward full or partial satisfaction of the federal tax assessments made against defendant NGOC-LIEN T. NGUYEN for the taxable years 1994, 1999, 2000, 2001, 2002, 2004, 2005 and 2006, including all accrued statutory penalties and interest, until fully paid;

      v.     Fifth, remaining sale proceeds, if any, to Quang Duc Nguyen;

      vi.     Sixth, remaining sale proceeds, if any, to Ngoc Bich Thi Nguyen.

      18.     After making the aforesaid payments, any remaining sale proceeds shall be held in the Court's registry for distribution under further order of this Court.

      19.     The Court hereby retains jurisdiction of this action for the purpose of making proper distribution of any surplus of the proceeds of sale, pursuant to the Area Director's Accounting and Report of Sale.

DATED:  2/9/11                _____

                                  GEORGE H. KING
                                  United States District Judge

Presented By:
ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
__/s/_____
THOMAS D. COKER
Assistant United States Attorney

AGREED UPON AS TO FORM AND CONTENT:
__/s/_____
AMANDA BUI, Esquire
Attorney for Defendant,

NGOC-LIEN T. NGUYEN

<u>United States v. Nguyen, et al.</u>,  CV 10-544-GHK(JCx);  Judgment and Order of Sale of Real Property